HARDY R. MURPHY, CA Bar No. 187149
hardy.murphy@ogletreedeakins.com
LAUREN M. COOPER, CA Bar No. 254580
lauren.cooper@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:   213.239.9800
Facsimile:    213.239.9045

Attorneys for Defendant
ZURICH AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PENNINGTON,<br><br>             Plaintiff,<br><br>       vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, et al.,<br><br>             Defendants. | Case No. 2:12-CV-03038-MCE-CKD<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS**<br><br>Action Filed:      July 18, 2012<br>Trial Date:         None Set |

pennington.stip.po.doc

Case No. 2:12-CV-03038-MCE-CKD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

This Stipulated Protective Order is entered into by and between plaintiff Paul Pennington ("Plaintiff"), on the one hand, and defendant Zurich American Insurance Company ("Defendant"), on the other hand, by and through their respective counsel of record, with reference to the following facts.

## RECITALS

A.  Defendant has in its possession, custody or control certain information or documents that is/are private, proprietary or confidential.  Defendant considers this information and these documents to be "Confidential Information" or "Highly Confidential Information," as those terms are defined below.

B.  Defendant desires to protect the Confidential Information and Highly Confidential Information, and ensure that said information shall only be produced, used and submitted in connection with the litigation of this action, subject to this Stipulated Protective Order.

**C.  No part of this Stipulated Protective Order shall apply to or have any effect or limitation on the Court or the Court's officers or personnel.**

## STIPULATION

Defendant and Plaintiff (collectively, the "Parties"), stipulate and ask that the Court order as follows:

1.  Definitions.

    a.  "Confidential Information" means based on Defendant's contention, any (1) non-public, private or privileged personnel or personal information; and/or (2) trade secrets or other non-public proprietary, confidential, strategic, privileged, financial, business or commercial information, data or research.  All Confidential Information produced pursuant to this Stipulated Protective Order shall be used solely for the purposes of this litigation, or for purposes of enforcing an order, judgment, and/or award made in this litigation, as permitted by this Stipulated Protective Order.

    b.  "Highly Confidential Information" means, based on Defendant's contention, "Confidential Information," as that term is defined above, that is extremely sensitive, the disclosure of which to Plaintiff or to a nonparty would create a substantial risk of serious injury that cannot be

pennington.stip.po.doc

Case No. 2:12-CV-03038-MCE-CKD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

1  avoided by less restrictive means.  The Parties agree that Highly Confidential Information shall be
2  for "Attorney Eyes Only" and, accordingly, disclosed to and reviewed only by Plaintiff's attorneys
3  of record who have appeared on his behalf as of the date of this Stipulation.  Plaintiff may
4  announce additional attorneys of record on his behalf by providing Defendant with notice of the
5  same, and Defendant may make like announcements with notice to Plaintiff.

6       c.      "Document" and "Documents" mean all written, recorded, or graphic
7  material, in hard copy or electronic format, including, but not limited to, emails, and further
8  including, without limitation, deposition transcripts and exhibits, trial and hearing transcripts and
9  exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain
10 Confidential Information or Highly Confidential Information.  The term "Documents" further
11 includes all original documents and copies or derivatives of those Documents.

12       d.      "Producing Party" means a party that produces Confidential Information or
13 Highly Confidential Information in this litigation pursuant to this Stipulated Protective Order.

14       e.      "Recipient" means a named party in this litigation (including that named
15 party's Counsel of Record or said counsel's agents) who receives Confidential Information or
16 Highly Confidential Information in this litigation pursuant to this Stipulated Protective Order.

17       f.      "Qualified Persons" means:
18            (1)      The named parties to this action;
19            (2)      Counsel of Record in this action and said counsel's employees
20            (3)      In house counsel or any such persons who are responsible for the
21            handling of legal matters on Defendant's behalf, including said
22            person's employees;
23            (4)      Vendors or contractors who have been or are retained by Counsel of
24            Record or by In House Counsel and, further, who have been or are
25            actively engaged in the conduct of this litigation;
26            (5)      Experts, investigators or litigation consultants engaged by Counsel of
27            Record to assist in this litigation; and
28

pennington.stip.po.doc

2    Case No. 2:12-CV-03038-MCE-CKD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

    (6) Fact witnesses providing testimony by deposition or at any trial proceeding in this case.

2. <u>Designation, of Confidential Information or Highly Confidential Information</u>.  To designate Documents as Confidential Information or Highly Confidential Information, the Producing Party shall place a legend or stamp on the Document in such a way that it brings either designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the Document contains Confidential Information or Highly Confidential Information, *e.g.*, by stamping the Document "Confidential" or "Highly Confidential Information - Attorney Eyes Only," or words to either effect.  To designate Confidential Information or Highly Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up to and until twenty (20) days after receipt of the transcript, and, upon such notice, (c) make arrangements with the reporter to bind the confidential portions of the transcript separately and to label that bound material accordingly.  Further, during depositions or arbitral proceedings, any Producing Party claiming confidentiality with respect to information that is to be disclosed or upon which questions are based may exclude from the room any party or person who is not a Qualified Person, as that term is defined above in Section 1(f).

3. <u>Permissible Uses of Confidential Information and Highly Confidential Information</u>. All Confidential Information obtained by a Recipient in discovery in this litigation, and all Highly Confidential Information disclosed to a Recipient's attorneys, shall be used by the Recipient or the Recipient's attorneys solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient or the Recipient's attorneys in any other legal action, or for any business, commercial, financial, competitive, personal, personnel, publicity, media or other purpose, except that nothing herein shall preclude Defendant (or its affiliates) from pursuing legal or personnel actions in discovered instances of misconduct as to its own employees or vendors which are necessary to ensure that its employees, vendors or policies are acting or being applied in accordance with the law.  No Recipient or other person to whom Confidential Information or Highly Confidential Information is disclosed, and no attorney for a Recipient to whom Highly

Confidential Information is disclosed, shall copy, transcribe, or otherwise reproduce or distill in written or any other form any part or portion of any Confidential Information or Highly Confidential Information except as necessary for purposes of the litigation.

4. <u>Permissible Disclosure of Confidential Information or Highly Confidential Information</u>. The Recipient of Confidential Information or the Recipient's attorneys who have received Highly Confidential Information shall disclose that information only to Qualified Persons, and, with respect to certain of these Qualified Persons, only under these conditions:

a. Any Recipient of Confidential Information or any attorney for a Recipient who has received Highly Confidential Information shall not reveal that information to nor discuss that information with any person who is not entitled to receive that information, except as set forth in this Stipulated Protective Order.

b. Prior to disclosure of Confidential Information to persons described in paragraphs 1(f)(l) or 1(f)(4)-(6) of this Stipulated Protective Order, the Recipient shall advise that person that, pursuant to this Stipulated Protective Order, he or she may not divulge that information to other individuals and, accordingly, the Recipient shall obtain from that person, prior to any such disclosure, a signed and dated acknowledgment substantially in the form attached as Exhibit "A" (the "Disclosure Agreement").

c. Any person who receives Confidential Information pursuant to paragraphs 1(f)(1) or 1(f)(4)-(6) of this Stipulated Protective Order, shall read this Stipulated Protective Order and undertake in writing to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person, and not to use Confidential Information except in connection with the instant action. Such persons shall indicate their agreement to be bound by the terms of this Stipulated Protective Order by signing and dating the Disclosure Agreement attached as Exhibit "A". Before reviewing Defendant's confidential documents, Plaintiff or any other person who receives Confidential Information pursuant to paragraphs 1(f)(1) or 1(f)(4)-(6) shall sign that Disclosure Agreement. Each original, executed

pennington.stip.po.doc

4   Case No. 2:12-CV-03038-MCE-CKD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

Disclosure Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and Parties upon reasonable notice.

    d. Highly Confidential Information may be disclosed only to the Qualified Persons identified in paragraphs 1(f)(2)-(3).  Accordingly, if persons to whom Highly Confidential Information may not be disclosed are present during times in which that Highly Confidential Information is being disclosed, the Producing Party shall request that said persons leave the location where that Highly Confidential Information is being or will be disclosed.

    e. Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Producing Party of Confidential Information or Highly Confidential Information consents in writing to that disclosure prior to the disclosure of that information.

  5. <u>Challenging Confidential Information or Highly Confidential Information Designations</u>.  In the event the Recipient disputes or Recipient's attorneys disputes the Producing Party's designation of individual documents or a category of documents or information as Confidential Information or Highly Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute.  In an effort to settle such dispute without judicial intervention, the Parties shall meet and confer to determine whether the restrictions imposed by this Stipulated Protective Order are warranted with respect to such disputed information, but if resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination.

  6. <u>Inadvertent or Improper Disclosure</u>.

    a. A Producing Party's inadvertent failure to designate Confidential Information or Highly Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient or Recipient's attorneys promptly upon discovery of the failure to designate.

    b. If a Recipient discloses Confidential Information or a Recipient's attorneys disclose Highly Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every

effort to prevent further disclosure by the Recipient, the Recipient's attorneys, or by the person to whom the Recipient or Recipient's attorneys disclosed such information. These efforts include obtaining a signed and dated Disclosure Agreement from any person who was inadvertently exposed to Confidential or Highly Confidential Information.

7. <u>Return or Destruction of Confidential Information or Highly Confidential Information</u>. Within thirty (30) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information and shall cause his, her or its attorney to return all Highly Confidential Information, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.

8. <u>Litigation or Arbitral Proceedings Involving or Requiring Confidential Information or Highly Confidential Information</u>. With respect to trial proceedings involving Confidential Information or Highly Confidential Information, the Parties will comply with the provisions of Rule 26 of the Federal Rules of Civil Procedure and Local Rule 141 of the Eastern District of California.

9. <u>Exceptions</u>. The restrictions set forth in this Stipulated Protective Order shall not apply to:

a. Information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Stipulated Protective Order; or

b. Defendant (or its affiliates), with respect to its own information or information received or created during the normal course of its own businesses.

10. <u>Discoverability and Admissibility of Documents</u>. Nothing in this Stipulated Protective Order shall be construed to affect either the discoverability or admissibility of any information, document, recording or thing, nor shall any named party's entry into this Stipulated Protective Order be deemed to waive either that party's right to object to the disclosure or production of information, documents, recordings or things on appropriate grounds, or to move to

compel the production of information, documents, recordings or things wrongfully withheld from production.

11. <u>No waiver</u>.  Nothing in this Stipulated Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege.  Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of Documents containing the privileged information, delete any versions of the Documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.  In the event any Recipient of Confidential Information or Highly Confidential Information is served with a subpoena or other actual or potentially legally enforceable request or order for records or information, any of which may require the production of such Confidential Information or Highly Confidential Information, that Recipient must give notice to the Producing Party within five (5) days of receiving the subpoena.  No Confidential or Highly Confidential Information may be produced in response to a subpoena until such notice is given to the Producing Party and the Producing Party has been given an opportunity to move to quash or object to the production of the Confidential or Highly Confidential Information.

12. <u>Not a Contract</u>.  This Stipulation and Protective Order shall not be construed or argued or interpreted as creating a contract between the Parties or between their counsel or between the Parties and their counsel.

13. <u>Jurisdiction</u>.  At the election of the party who claims a violation of this Stipulated Protective Order, the United States District Court for the Eastern District of California shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Stipulated Protective Order.  The Parties consent to jurisdiction in said court to resolve any disputes or requested relief arising under this Stipulated Protective Order.

pennington.stip.po.doc

7   Case No. 2:12-CV-03038-MCE-CKD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

DATED: _____  LAW OFFICE OF ARKADY ITKIN

By: _____
    Arkady Itkin

Attorneys for Plaintiff Paul Pennington

DATED: _____  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
    Hardy R. Murphy / Lauren M. Cooper

Attorneys for Defendant Zurich American Insurance Company

## **ORDER**

Based upon the foregoing Stipulation and Protective Order regarding Confidentiality of Discovery Information and Documents, and good cause appearing therefore, it is so ordered.

DATED: 2/19/2013      /s/ Carolyn K. Delaney
    The Honorable Carolyn K. Delaney
    EASTERN DISTRICT OF CALIFORNIA

pennington.stip.po.doc

8  Case No. 2:12-CV-03038-MCE-CKD
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

# EXHIBIT A

## DECLARATION OF "QUALIFIED PERSON"

I, _____ declare that I have read the Stipulated Protective Order entered in the action entitled *Paul Pennington v. Zurich American Insurance Company., et al.*, United States District Court for the Eastern District of California, Case No. 2:12-cv-03038-MCE-CKD, and agree to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person, and not to use Confidential Information except in connection with the litigation or preparation for litigation of this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party that designated the document as containing Confidential Information consents in writing prior to disclosure.  I further agree to submit to the jurisdiction of the United States and venue in the Eastern District of California, for any actions necessary or required to enforce this Stipulated Protective Order as it pertains to me and my agreement herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on _____

Signature of Declarant _____

Print name: _____

Affiliation: _____

Business Address: _____

Home Address: _____

14396397.1 (OGLETREE)