UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL PENNINGTON,                         No. 2:12-CV-03038 TLN CKD

         Plaintiff,
                                         PRETRIAL SCHEDULING ORDER
    v.

ZURICH AMERICAN INSURANCE
COMPANY,

         Defendant.
_____/

    After reviewing the parties' Joint Status Report, the Court
makes the following Pretrial Scheduling Order.

    I.   SERVICE OF PROCESS

    All named Defendants have been served and no further service
is permitted without leave of court, good cause having been
shown.

    II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

    No joinder of parties or amendments to pleadings is
permitted without leave of court, good cause having been shown.

    III. JURISDICTION/VENUE

    Jurisdiction is predicated upon 28 U.S.C. § 1332, and venue
upon 28 U.S.C. § 1391(a)(2). Jurisdiction and venue are not
contested.

1

IV.  <u>DISCOVERY</u>

All discovery, with the exception of expert discovery, shall be completed by **January 31, 2014.**  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

Any request to deviate from the Federal Rules of Civil Procedure should be made to the assigned Magistrate Judge.

V.  <u>DISCLOSURE OF EXPERT WITNESSES</u>

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 31, 2014.**[1]  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

///

_____

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

1   The right to designate a supplemental expert for rebuttal
2   purposes only shall apply to a party who has not previously
3   disclosed an expert witness on the date set for expert witness
4   disclosure by this Pretrial Scheduling Order.

5       Failure of a party to comply with the disclosure schedule as
6   set forth above in all likelihood will preclude that party from
7   calling the expert witness at the time of trial.   An expert
8   witness not appearing on the designation will not be permitted to
9   testify unless the party offering the witness demonstrates:
10  (a) that the necessity for the witness could not have been
11  reasonably anticipated at the time the list was proffered;
12  (b) that the Court and opposing counsel were promptly notified
13  upon discovery of the witness; and (c) that the witness was
14  promptly made available for deposition.

15      For purposes of this Pretrial Scheduling Order, an "expert"
16  is any person who my be used at trial to present evidence under
17  Rules 702, 703, and 705 of the Federal Rules of Evidence, which
18  include both "percipient experts" (persons who, because of their
19  expertise, have rendered expert opinions in the normal course of
20  their work duties or observations pertinent to the issues in the
21  case) and "retained experts" (persons specifically designated by
22  a party to be a testifying expert for the purposes of
23  litigation).

24      Each party shall identify whether a disclosed expert is
25  percipient, retained, or both.   It will be assumed that a party
26  designating a retained expert has acquired the express permission
27  of the witness to be so listed.
28  ///

1   Parties designating percipient experts must state in the

2   designation who is responsible for arranging the deposition of

3   such persons.

4       All experts designated are to be fully prepared at the time

5   of designation to render an informed opinion, and give their

6   bases for their opinion, so that they will be able to give full

7   and complete testimony at any deposition taken by the opposing

8   party.  Experts will not be permitted to testify at the trial as

9   to any information gathered or evaluated, or opinion formed,

10  after deposition taken subsequent to designation.

11      Counsel are instructed to complete all discovery of expert

12  witnesses in a timely manner in order to comply with the Court's

13  deadline for filing dispositive motions.

14      VI.  <u>MOTION HEARING SCHEDULE</u>

15      The last day to hear dispositive motions shall be **July 31,**

16  **2014.**  The parties shall comply with the following filing

17  deadlines:

18      Dispositive motion          filed at least 8 weeks
19                                   prior to hearing

20      Opposition and any          filed at least 5 weeks
        cross-motion                 prior to hearing

21      Reply and opposition to     filed at least 3 weeks
        cross-motion                 prior to hearing
22
23      Reply to cross-motion       filed at least 1 week
                                     prior to hearing

24

25      The parties are directed to the Court's website for

26  available hearing dates.  (www.caed.uscourts.gov → choose Court

27  Calendar → choose Judge Nunley → choose More Calendaring

28  Information).

4

1    All purely legal issues are to be resolved by timely
2 pretrial motions.  Failure to comply with Local Rules 230 and
3 260, as modified by this Order, may be deemed consent to the
4 motion and the Court may dispose of the motion summarily.
5 Further, failure to timely oppose a summary judgment motion[2] may
6 result in the granting of that motion if the movant shifts the
7 burden to the nonmovant to demonstrate that a genuine issue of
8 material fact remains for trial.
9    The Court places a page limit for points and authorities
10 (exclusive of exhibits and other supporting documentation) of
11 twenty (20) pages on all initial moving papers, twenty (20) pages
12 on oppositions, and ten (10) pages for replies.  All requests for
13 page limit increases must be made in writing to the Court setting
14 forth any and all reasons for any increase in page limit at least
15 fourteen (14) days prior to the filing of the motion.
16    For the Court's convenience, citations to Supreme Court
17 cases should include parallel citations to the Supreme Court
18 Reporter.
19    The parties are reminded that a motion in limine is a
20 pretrial procedural device designed to address the admissibility
21 of evidence.  The Court will look with disfavor upon
22 dispositional motions presented at the Final Pretrial Conference
23 or at trial in the guise of motions in limine.
24 ///
25 ///
26

27    [2] The Court urges any party that contemplates bringing a
28 motion for summary judgment or who must oppose a motion for
summary judgment to review Local Rule 260.

5

1    The parties are cautioned that failure to raise a
2  dispositive legal issue that could have been tendered to the
3  court by proper pretrial motion prior to the dispositive motion
4  cut-off date may constitute waiver of such issue.

5    VII.  <u>FINAL PRETRIAL CONFERENCE</u>

6    The Final Pretrial Conference is set for **September 25, 2014,**
7  at **2:00 p.m.**  At least one of the attorneys who will conduct the
8  trial for each of the parties shall attend the Final Pretrial
9  Conference.  If by reason of illness or other unavoidable
10  circumstance a trial attorney is unable to attend, the attorney
11  who attends in place of the trial attorney shall have equal
12  familiarity with the case and equal authorization to make
13  commitments on behalf of the client.

14    Counsel for all parties are to be fully prepared for trial
15  at the time of the Final Pretrial Conference, with no matters
16  remaining to be accomplished except production of witnesses for
17  oral testimony.

18    The parties shall file, not later than **September 4, 2014**, a
19  Joint Final Pretrial Conference Statement.  The provisions of
20  Local Rules 281 shall apply with respect to the matters to be
21  included in the Joint Final Pretrial Conference Statement.  In
22  addition to those subjects listed in Local Rule 281(b), the
23  parties are to provide the Court with a plain, concise statement
24  that identifies every non-discovery motion tendered to the Court
25  and its resolution.  Failure to comply with Local Rule 281, as
26  modified by this Pretrial Scheduling Order, may be grounds for
27  sanctions.
28  ///

1    At the time of filing the Joint Final Pretrial Conference
2  Statement, counsel shall also electronically mail to the Court in
3  digital format compatible with Microsoft Word, the Joint Final
4  Pretrial Conference Statement in its entirety including the
5  witness and exhibit lists.  **These documents shall be sent to:**
6  **tlnorders@caed.uscourts.gov.**

7    The parties should identify first the core undisputed facts
8  relevant to all claims.  The parties should then, in a concise
9  manner, identify those undisputed core facts that are relevant to
10 each claim.  The disputed facts should be identified in the same
11 manner.  Where the parties are unable to agree as to what
12 disputed facts are properly before the Court for trial, they
13 should nevertheless list all disputed facts asserted by each
14 party.  Each disputed fact or undisputed fact should be
15 separately numbered or lettered.

16   Each party shall identify and concisely list each disputed
17 evidentiary issue which will be the subject of a motion in
18 limine.

19   Each party shall identify the points of law which concisely
20 describe the legal issues of the trial which will be discussed in
21 the parties' respective trial briefs.  Points of law should
22 reflect issues derived from the core undisputed and disputed
23 facts.  Parties shall not include argument or authorities with
24 any point of law.

25   The parties shall prepare a joint statement of the case in
26 plain concise language which will be read to the jury at the
27 beginning of the trial.  The purpose of the joint statement is to
28 inform the jury what the case is about.

1    The parties are reminded that pursuant to Local Rule 281
2  they are required to list in the Joint Final Pretrial Conference
3  Statement all witnesses and exhibits they propose to offer at
4  trial.  After the name of each witness, each party shall provide
5  a brief statement of the nature of the testimony to be proffered.
6  The parties may file a joint list or each party may file separate
7  lists.  These list(s) shall not be contained in the body of the
8  Joint Final Pretrial Conference Statement itself, but shall be
9  attached as separate documents to be used as addenda to the Final
10  Pretrial Order.

11    Plaintiff's exhibits shall be listed numerically.
12  Defendants' exhibits shall be listed alphabetically.  The parties
13  shall use the standard exhibit stickers provided by the Court
14  Clerk's Office: pink for plaintiff and blue for defendant.  In
15  the event that the alphabet is exhausted, the exhibits shall be
16  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
17  number of letters in parenthesis (i.e., "AAAA(4)") to reduce
18  confusion at trial.  All multi-page exhibits shall be stapled or
19  otherwise fastened together and each page within the exhibit
20  shall be numbered.  All photographs shall be marked individually.
21  The list of exhibits shall not include excerpts of depositions,
22  which may be used to impeach witnesses.  In the event that
23  Plaintiff and Defendants offer the same exhibit during trial,
24  that exhibit shall be referred to by the designation the exhibit
25  is _first_ _identified_.  The Court cautions the parties to pay
26  attention to this detail so that all concerned, including the
27  jury, will not be confused by one exhibit being identified with
28  both a number and a letter.

8

1  The Final Pretrial Order will contain a stringent standard
2  for the offering at trial of witnesses and exhibits not listed in
3  the Final Pretrial Order, and the parties are cautioned that the
4  standard will be strictly applied.  On the other hand, the
5  listing of exhibits or witnesses that a party does not intend to
6  offer will be viewed as an abuse of the court's processes.

7  The parties also are reminded that pursuant to Rule 16 of
8  the Federal Rules of Civil Procedure it will be their duty at the
9  Final Pretrial Conference to aid the Court in: (a) the
10 formulation and simplification of issues and the elimination of
11 frivolous claims or defenses; (b) the settling of facts that
12 should properly be admitted; and (c) the avoidance of unnecessary
13 proof and cumulative evidence.  Counsel must cooperatively
14 prepare the Joint Final Pretrial Conference Statement and
15 participate in good faith at the Final Pretrial Conference with
16 these aims in mind.  A failure to do so may result in the
17 imposition of sanctions which may include monetary sanctions,
18 orders precluding proof, elimination of claims or defenses, or
19 such other sanctions as the Court deems appropriate.

20 VIII.  TRIAL BRIEFS

21 The parties shall file trial briefs not later than **September
22 11, 2014.**  Counsel are directed to Local Rule 285 regarding the
23 content of trial briefs.

24 IX.  EVIDENTIARY AND/OR PROCEDURAL MOTIONS

25 Any evidentiary or procedural motions are to be filed by
26 **September 4, 2014.**  Oppositions must be filed by **September 11,
27 2014,** and any reply must be filed by **September 18, 2014.**  The
28 motions will be heard by the Court at the same time as the Final

1  Pretrial Conference.

2      X.   <u>TRIAL SETTING</u>

3      The trial is set for **December 1, 2014, at 9:00 a.m.**  Trial

4  will be by Jury.  The parties estimate a trial length of **five to**

5  **seven (5-7) days.**

6      XI.  <u>SETTLEMENT CONFERENCE</u>

7      At the Final Pretrial Conference, the Court may set a

8  settlement conference if the parties so request.  In the event no

9  settlement conference is requested, the parties are free to

10 continue to mediate or attempt to settle the case with the

11 understanding that the trial date is a firm date.

12     In the event a settlement conference is set by the Court,

13 counsel are instructed to have a principal with full settlement

14 authority present at the Settlement Conference or to be fully

15 authorized to settle the matter on any terms.  At least seven (7)

16 calendar days before the settlement conference, counsel for each

17 party shall submit to the chambers of the settlement judge a

18 confidential Settlement Conference Statement.  Such statements

19 are neither to be filed with the Clerk nor served on opposing

20 counsel.  Each party, however, shall serve notice on all other

21 parties that the statement has been submitted.  If the settlement

22 judge is not the trial judge, the Settlement Conference Statement

23 shall not be disclosed to the trial judge.

24     Notwithstanding the foregoing, the parties may request a

25 settlement conference prior to the Final Pretrial Conference if

26 they feel it would lead to the possible resolution of the case.

27 In the event an early settlement conference date is requested,

28 the parties shall file said request jointly, in writing.  The

10

1  request must state whether the parties waive disqualification,

2  pursuant to Local Rule 270(b), before a settlement judge can be

3  assigned to the case.  Absent the parties' affirmatively

4  requesting that the assigned Judge or Magistrate Judge

5  participate in the settlement conference AND waiver, pursuant to

6  Local Rule 270(b), a settlement judge will be randomly assigned

7  to the case.

8         XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

9         Pursuant to Local Rule 271 parties will need to lodge a

10  stipulation and proposed order requesting referral to the

11  Voluntary Dispute Resolution Program.

12        XIII.  <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

13        The parties are reminded that pursuant to Rule 16(b) of the

14  Federal Rules of Civil Procedure, the Pretrial Scheduling Order

15  shall not be modified except by leave of court upon a showing of

16  **good cause.**  Agreement by the parties pursuant to stipulation

17  alone to modify the Pretrial Scheduling Order does not constitute

18  good cause.  Except in extraordinary circumstances,

19  unavailability of witnesses or counsel will not constitute good

20  cause.

21        XIV. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

22        This Pretrial Scheduling Order will become final without

23  further order of the Court unless objections are filed within

24  seven (7) <u>court</u> days of service of this Order.

25        IT IS SO ORDERED.

26  DATED: May 30, 2013

27

28                                    _____
                                      Troy L. Nunley
                                      United States District Judge